UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRUSTEES OF THE PLUMBERS      )
AND PIPEFITTERS NATIONAL      )
PENSION FUND,                 )
    Plaintiffs,               )
                              )
        v.                  )   Civil Action No. 1:14cv582
                              )
JEC SERVICE COMPANY, INC.,    )
    Defendant.                )

## REPORT AND RECOMMENDATION

This matter comes before the Court on Motion for Default Judgment (Dkt. 8) by plaintiffs, the Trustees of the Plumbers and Pipefitters National Pension Fund ("plaintiffs"), against defendant JEC Service Company Inc. ("defendant"). When no representative for defendant appeared at the hearing on this motion, the undersigned Magistrate Judge took the matter under advisement.

## I.   INTRODUCTION

### A.   Background

Plaintiffs are the trustees of multi-employer employee benefit plans as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37).  (Compl. ¶ 1.) Defendant is a corporation that transacts business as a contractor or subcontractor in the plumbing industry.  (Compl. ¶ 2.)

1

Plaintiffs filed this action under Sections 502 and 515 of ERISA, as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), which governs suits among parties to enforce provisions of their collective bargaining agreements.  (Compl. ¶ 3; Mem. Supp. Mot. Default J. 1.)  Plaintiffs seek damages pursuant to the Restated Agreement and Declaration of Trust which established the National Pension Fund and which bind defendant, and pursuant to defendant's collective bargaining agreement with United Association Local Union No. 537, which incorporates defendant's obligations under the Trust Agreement.[1] (Mot. Default J. ¶ 1; Sweeney Declaration ¶¶ 2-3 ("Mem. Supp. Mot. Default J. Ex. A").)

## B.   Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145 and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found.  In this case, jurisdiction and venue are proper because the National Pension Fund is administered in this District.  (Compl. ¶¶ 1, 3.)

---

[1] The Trust Agreement and the collective bargaining agreement are hereinafter collectively referred to as "the Agreements."

### C.   Service of Process

On June 16, 2014, plaintiffs' private process server served Wayne A. Greenwood, registered agent of defendant, with a copy of the Complaint and Summons.  (Dkt. 5; Mem. Supp. Mot. Default J. 1-2.)  Therefore, service was proper under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D.   Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case.  On August 7, 2014, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure 55.  (Dkt. 7.)  Plaintiffs filed a Motion for Default Judgment on August 19, 2014.  (Dkt. 8.)

### II.  FINDINGS

Based on the Complaint, the Motion for Default Judgment, the Declaration of William T. Sweeney, Jr., the Declaration of John R. Harney, and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings.

Defendant is a Massachusetts corporation with an office in Boston, Massachusetts.  (Compl. ¶ 2.)  Defendant operates as a contractor or subcontractor in the plumbing industry and is "an employer in an industry affecting commerce" as defined by the LMRA and ERISA.  (Id.)  Defendant is a signatory to the

3

collective bargaining agreement with United Association Local Union No. 537, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. (Id. at ¶ 4.)

The Agreements, which bound defendant at all times relevant to this case, required defendant to pay plaintiffs' Fund certain sums of money for each hour worked by covered employees, as well as liquidated damages and interest on any unpaid or delinquent contributions. (Id. at ¶¶ 4-6, 9, 10-11, 14; Mem. Supp. Mot. Default J. Ex. A ¶¶ 3, 9.) Defendant also failed to submit timely reports or contributions to plaintiffs, in violation of the Agreements. (Compl. ¶¶ 18-19; Mem. Supp. Mot. Default J. Ex. A. ¶ 5.) Pursuant to the Agreements, plaintiffs now seek to collect liquidated damages, interest, and attorneys' fees and costs. (Mem. Supp. Mot. Default J. 2.)

### A.   Amounts Due to Plaintiff National Pension Fund

At the time plaintiffs filed the Complaint, defendant had failed to pay its required contributions to the National Pension Fund for the months of June 2012 and March 2014. (Compl. ¶ 7.) However, after the filing of the Complaint and before the filing of the Motion for Default Judgment, defendant paid contributions to the National Pension Fund for the months of June 2012 and March 2014. (Mem. Supp. Mot. Default J. Ex. A ¶ 5.) Nonetheless, defendant was still delinquent in paying

4

contributions for the months of June 2012 and March 2014.  (Id. ¶¶ 5-6.)  Because defendant failed to submit timely contributions for June 2012 and March 2014, the contributions owed to the National Pension Fund are derived from Section 5 of the Trust Agreement and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in March 2003.  (Mem. Supp. Mot. Default J. Ex. A ¶ 9.)

Under the Agreements, defendant must pay liquidated damages to the National Pension Fund on any unpaid or delinquent contributions.[2]  In this case, the amount of these liquidated damages is $134.90.  (Id. ¶¶ 9-10.)

Additionally, defendant is obligated under the Agreements to pay interest to the National Pension Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment.  (Id.)  The total amount of this interest, calculated through the date of payment is $140.02.  (Id.)

## B.  Attorneys' Fees and Costs

In addition, plaintiffs seeks $1,632.50 in attorneys' fees and $611.29 in costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 1132(g).  (Mem. Supp. Mot. Default J. 2;

---

[2] Pursuant to Article VI, Section 5 of the Trust Agreement and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in March 2003, liquidated damages are assessed at the rate of ten percent (10%) of the total amount owed.  (Mem. Supp. Mot. Default J. Ex. A ¶ 9.)

Harney Decl. ¶¶ 5-7.)   The undersigned has examined the record and finds that this amount is reasonable compensation for work necessarily performed in this matter.

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends that plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund should recover from defendant a total of $274.92.  Specifically, the undersigned recommends that plaintiff National Pension Fund should recover from defendant $134.90 in liquidated damages and $140.02 in interest accrued at a rate of 12% per annum from the date due through the date of payment.[3]

In addition, the undersigned recommends that plaintiffs recover $1,632.50 in attorneys' fees and $611.29 in costs.

---

[3] The original Complaint demanded an additional $1,695.42 from the defendant for delinquent contributions.  (Compl. ¶¶ 12-13.) Following the filing of the Complaint, defendant made contributions to the Fund for the missed payments and now plaintiffs seek only liquidated damages and interest.  (Mem. Supp. Mot. Default J. 2.)

IV.   <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following addresses:

        JEC Service Company, Inc.
        110 K Street
        Boston, MA 02127

        Wayne Greenwood, President and Registered Agent
        JEC Service Company, Inc.
        110 K Street
        Boston, MA 02127


                              _____/s/_____
                              THERESA CARROLL BUCHANAN
                              UNITED STATES MAGISTRATE JUDGE

September 4, 2014
Alexandria, Virginia